IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHN K. KIRTON, | : | |
| Plaintiff | : | |
| VS. | : | |
| Officer TERRY AMONETTE and | : | NO. 5:07-cv-194 (CAR) |
| Magistrate Judge MIKE GREEN, | : | |
| Defendants | : | **O R D E R** |

*Pro se* plaintiff **JOHN KEVIN KIRTON** has complied with the previous order of this Court to provide an *in forma pauperis* form and supporting documentation concerning his IFP application, as well as to complete and sign a 42 U.S.C. § 1983 complaint form. Upon examination of plaintiff's IFP form, it appears that plaintiff is unable to pay the cost of commencing this action. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff, a probationer, states that on March 1, 2007, defendant Officer Terry Amonette arrested plaintiff and charged him with possession with intent to distribute cocaine. Plaintiff states that the arrest warrant was invalid because Officer Amonette did not "speak with personal

knowledge of the matter," did not specifically allege that drugs were found on plaintiff's person, and did not provide any information concerning the amount of the drugs or from where they came. Plaintiff further states that defendant Magistrate Mike Green issued the arrest warrant without probable cause. The cocaine charges against plaintiff are still pending.

The relief sought by plaintiff includes release from prison and damages in the form of $200.00 per day of plaintiff's wrongful confinement.

## III. DISCUSSION

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that concerns of equity, comity, and federalism require that federal courts abstain from interfering with state court criminal proceedings absent "extraordinary circumstances." *Younger* abstention is required when: (1) a state proceeding is pending; (2) the state proceeding involves important state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional issues. *Middlesex Co. Ethics Comm'n v. Garden State Bar Ass'n*, 57 U.S. 423, 432 (1982).

Applying the above principles, the Court finds that abstention is appropriate: (1) plaintiff's criminal prosecution is ongoing; (2) the criminal prosecution involves important state interests; and (3) plaintiff has failed to allege that he cannot assert any constitutional claims in the state proceeding. The Supreme Court has held that when a litigant has an opportunity to present his federal claims in state proceedings, as plaintiff does here, but fails to do so, the third requirement for *Younger* abstention is satisfied. *Judice v. Vail*, 430 U.S. 327, 337 (1977). In light of the foregoing, plaintiff's claims against the defendants must be dismissed without prejudice to plaintiff's refiling a new complaint after the completion of the state proceedings.

To the extent that plaintiff seeks dismissal of the charges brought against him and release

from prison, plaintiff's exclusive remedy is to file a habeas corpus action. ***Preiser v. Rodriguez***, 411 U.S. 475, 500 (1973); ***Rice v. Baker***, 2006 WL 1410186 (11th Cir. May 23, 2006). Plaintiff must exhaust his state remedies before seeking federal habeas relief.

The Court further notes that Georgia law provides:

(a) An affidavit made or warrant issued for the arrest of a person who is accused of violating the penal laws of this state shall include, as nearly as practicable, the following facts:

(1) The offense, including the time, date, place of occurrence, against whom the offense was committed, and a statement describing the offense; and

(2) The county in which the offense was committed.

OCGA 17-4-41(a). A review of plaintiff's arrest warrant reveals that Officer Amonette provided such facts.

It should also be noted that Judge Green is immune for suit for money damages. ***Stump v. Sparkman***, 435 U.S. 349, 356-57 (1978); ***Simmons v. Conger***, 86 F.3d 1080, 1084-85 (11th Cir. 1996). Judges are entitled to absolute immunity from damages for acts taken in their judicial capacity, unless they acted in the "'clear absence of all jurisdiction.'" ***Stump v. Sparkman***, 435 U.S. 349, 356-57 (1978); ***Simmons v. Conger***, 86 F.3d 1080, 1084-85 (11th Cir.1996)

Issuing an arrest warrant such as the one in the present case is a typical judicial function, *see* O.C.G.A. § 17-4-40(a), and there is no indication that Judge Green lacked jurisdiction. Judge Green, therefore, has absolute immunity from liability to plaintiff for damages under section 1983.

## *IV. CONCLUSION*

Based on the foregoing, the complaint against the defendants should be **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 18th day of June, 2007.

S/ C. Ashley Royal
                                            C. ASHLEY ROYAL
                                            UNITED STATES DISTRICT JUDGE

cr